IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

V.                                      4:19CR000634-1 JM

JEFFREY ROGERS

## ORDER

Pending are the Defendant's Motion to Suppress and Motion to Sever. The Court held a hearing on the motions on Thursday, April 29, 2021. After hearing the arguments, the witnesses' testimony and reviewing the evidence and law, the Court finds that law enforcement conducted a lawful search of the Defendant's residence at 378 Rattle Snake Drive, Marshall, Arkansas.

The affidavit submitted by Sergeant Billy Cordell was supported by probable cause based upon evidence found in the trash pulls conducted by Sergeant Cordell on November 29th, 2018 and January 3rd, 2019 at Defendant's residence. The evidence included two small baggies containing a white crystalline residue that indicated positive for methamphetamine on a Nartec field test kit, and a small baggie containing a green leafy substance believed to be marijuana, and two aluminum soda cans that were modified for the use of smoking marijuana. Pursuant to *United States v. Allebach*, 526 F.3d 385 (8th Cir. 2008), the Court finds the evidence obtained from the trash pulls is sufficient probable cause standing alone to support the warrant's issuance.

The Court acknowledges that the citizen complaints of suspected drug trafficking activity at Defendant's residence were somewhat stale. However, "[t]he timeliness of the information supplied in an affidavit depends on the circumstances of the case, including the nature of the crime under investigation. In investigations of ongoing narcotic operations, intervals of weeks or months between the last described act and the application for a warrant [does] not necessarily make the information stale." *United States v. Smith*, 266 F.3d 902, 904–05 (8th Cir. 2001)

(internal citations omitted). Based upon Sergeant Cordell's testimony and his rationale for waiting a period of time after the complaints to conduct the trash pulls, the Court finds that the citizen complaints bolster probable cause to issue the warrant.

Moreover, even if probable cause was lacking, Officer Cordell had a good faith belief that the warrant was valid. "Where a search is conducted pursuant to a warrant, the good faith exception to the exclusionary rule applies, and evidence should not be suppressed due to an absence of probable cause unless the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006) (quoting *United States v. Leon*, 468 U.S. 897, 923). As the Court has found, the affidavit was not lacking in indicia of probable cause.

Defendant's First Motion to Suppress (ECF No. 60) is DENIED as MOOT. Defendant's Second Motion to Suppress (ECF No. 63) is DENIED. As stated on the record at the hearing, Defendant's Motion to Sever (ECF No. 73) is denied as premature.

IT IS SO ORDERED this 4th day of May, 2021.

_____
James M. Moody Jr
United States District Judge